JAMES T. YOUNGER V. THE STATE.

No. 20021.   Delivered January 4, 1939.

The opinion states the case.

*David E. O'Fiel,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—This is a conviction for burglary with an assessed penalty of two years, and is a companion case to cause No. 20020 (Page 270 of this volume) in which there was a conviction for the felony theft of the goods alleged to have been stolen in this burglary, with a penalty of three years.

There is but one question presented herein, and it arose upon the following facts: While the jury was out deliberating upon their verdict in cause No. 20020 the appellant was put on trial in this cause. There was a plea of suspended sentence filed herein. While this instant cause was being tried, the jury in the theft case came in with a verdict, but the careful trial court received such verdict out of the presence and hearing of the jury in this cause. Afterward while appellant's only witness, his mother, was on the witness stand, she testified that appellant had never been convicted of a felony in this or any other state; she was closely cross-examined relative to such statement, and consistently adhered thereto. She was thereupon asked by the State's attorney whether or not the appellant had not been convicted by a jury on that very day and given a sentence of three years in the penitentiary. This was denied by appellant's mother, at which time the State's attorney caused the district clerk to read the verdict of the jury in the felony theft case to this trial jury. Proper objection was made thereto by appellant's attorneys, which objection was overruled, but the trial court did instruct the jury not to consider such action and such other verdict.

We think the mere introduction of the verdict of the jury in cause No. 20020, although the court instructed the jury not to consider the same, was such an error as would justify this court in reversing this cause. The mere fact that another jury had returned a verdict finding this appellant guilty of a felony theft while this instant cause was being tried, was such a procedure as could have and doubtless did influence this jury in its deliberations, and to such an extent that its effect could not have been obliterated by such instruction.

On account of such error this judgment is reversed and the cause remanded.